IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MAXINE HARTSFIELD,

        Plaintiff

    VS.

JO ANNE B. BARNHART,
S.S. Commissioner,

        Defendant

NO. 5:03-CV-332(CWH)

SOCIAL SECURITY APPEAL

PETITION FOR ATTORNEY'S FEES
UNDER EAJA

# O R D E R

Plaintiff's attorney has moved the court for an award of attorney's fees in the above-captioned case, under provisions of the Equal Access to Justice Act (EAJA), for her successful representation of the plaintiff before this court. 28 U.S.C. § 2412(d)(1)(A) provides:

> *Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.*

In the case at bar, it is uncontroverted that the claimant was a prevailing party; that the fee application was timely filed; that no special circumstances exist that would make such an award unjust; and, that the Commissioner's previous decision denying the claimant Social Security benefits was not substantially justified.

-2-

Plaintiff's attorney has filed an affidavit with her motion for attorney's fees with this court showing that she expended 2.62 hours of time on this case.  She requests attorney's fees for this amount of time multiplied by $139.25.  However, as noted by the Commissioner, plaintiff's attorney, who has the burden of substantiating her fee request, has failed to demonstrate that she is entitled to $139.25 per hour. *See Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). *See also Pierce v. Underwood*, 487 U.S. 552, 108 S. Ct. 2541, 2553-55, 101 L.Ed.2d 490 (1988); *Chynoweth v. Sullivan*, 920 F.2d 648, 649 (10th Cir. 1990).

The undersigned has routinely found in other Social Security cases in this division that a fee of $125.00 per hour was not unreasonable for attorney's fees. *See Kay v. Apfel*, 176 F.3d 1322, 1328 (11th Cir. 1999) (noting that the district court is entitled to consider its own knowledge and experience concerning reasonable and proper fees in determining the reasonable hourly rate).

Accordingly, in light of the above, IT IS ORDERED that the plaintiff's attorney's motion for the recovery of fees pursuant to 28 U.S.C. § 2412(d) be **PARTIALLY GRANTED** and that payment be forwarded forthwith, to the plaintiff's attorney of record, in the amount of $327.50 (2.62 hours X $125.00 per hour).

SO ORDERED, this 6th day of MAY, 2005.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE